IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02923-BNB

ANDRE J. TWITTY, also known as
ANDRE TWITTY, also known as
A. J. TWITTY,

    Applicant,

v.

BLAKE DAVIS, and CHARLES DANIELS, named as BLAKE DANIELS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 03 2011

GREGORY C. LANGHAM
                CLERK

---

### ORDER DISMISSING CASE AND IMPOSING SANCTIONS

---

Applicant, Andre J. Twitty, also known as Andre Twitty and as A. J. Twitty, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He submitted *pro se* a motion titled "Motion for Writ of Habeas 28 USC 2241(a), 2241, 2243 in Light of the Eleventh Circuit's (USCA) Recent Fraudulent Order, Revealing That 28 USC 2255(e) Is 'Inadequate, Ineffective' to Test the Legality of Petitioner's Illegal Imprisonment, Brief in Support."

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the submitted document was deficient. Therefore, in an order filed on December 14, 2010, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and ordered Mr. Twitty to cure certain deficiencies in this case within thirty days if he wishes to pursue his claims. In response to the order to cure, Mr.

Twitty submitted on the proper, Court-approved forms a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, as well as a current certificate of the warden or other appropriate prison officer as to the amount of money on deposit in his inmate trust fund account. He also submitted a motion titled "Motion for Writ of Habeas Corpus, Judgment Void, Response to the Court's 14 Dec 2010, Order, Brief in Support."

On January 13, 2011, Mr. Twitty was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and ordered to show cause why the instant application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia (Northern District of Georgia) and why filing restrictions should not be imposed against him for his repetitive and abusive filings.

On February 1, 2011, Mr. Twitty responded to the order to show cause with a document titled "Motion Petitioner's Response to the Court's Bogus Order, Brief in Support" with numerous attachments.

The Court must construe Mr. Twitty's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the instant action will be dismissed because Mr. Twitty has an adequate and effective remedy pursuant to § 2255 in the Northern District of Georgia, and filing

restrictions will be imposed against him for his repetitive and abusive filings.

A review of this Court's docketing records reveals that this is the thirteenth § 2241 habeas corpus application Mr. Twitty has filed in this Court challenging his conviction in the Northern District of Georgia. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). Therefore, some of the information in this order is taken from prior § 2241 actions Mr. Twitty has initiated in this Court.

In 1999, a jury convicted Mr. Twitty in Northern District of criminal case number 98-00374-CR-1-1 of wilfully communicating a bomb threat via the telephone and threatening federal law enforcement officers and their immediate family members. He was sentenced to 180 months' imprisonment and three years of supervised release. His conviction and sentence were affirmed on direct appeal. *See United States v. Twitty*, No. 99-12706, 31 Fed. Appx. 934 (11th Cir. Jan. 8, 2002) (unpublished), *cert. denied*, 535 U.S. 1029 (2002). In 2002, the Northern District of Georgia denied his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On appeal, the United States Court of Appeals for the Eleventh Circuit denied a certificate of appealability. *See Twitty v. United States*, No. 04-12805 (11th Cir. Apr. 25, 2005) (unpublished order).

In 2006, in a prior § 2241 action he initiated in this Court, Mr. Twitty attacked his Northern District of Georgia conviction and sentence. *See Twitty v. Wiley*, No. 06-cv-

00177-ZLW (D. Colo. Mar. 29, 2006), *aff'd*, No. 06-1234 (10th Cir. July 17, 2006), *cert. denied*, No. 06-6290, 549 U.S. 967 (Oct. 10, 2006).

In 2007, he again attacked his conviction and sentence. *See Twitty v. Wiley*, No. 07-cv-02441-ZLW (D. Colo. Mar. 3, 2008), *appeal dismissed*, No. 08-1118 (10th Cir. June 11, 2008), *appeal dismissed*, No. 08-1277 (10th Cir. Oct. 29, 2008).

In 2008, he attacked his conviction and sentence three more times. *See Twitty v. Wiley*, No. 08-cv-02119-ZLW (D. Colo. Nov. 17, 2008), *aff'd*, No. 09-1008 (10th Cir. June 19, 2009); *Twitty v. Wiley*, No. 08-cv-02717-ZLW (D. Colo. Mar. 25, 2009); and *Twitty v. Wiley*, No. 08-cv-02823-ZLW (D. Colo. Feb. 13, 2009), *aff'd*, No. 09-1107 (10th Cir. June 19, 2009).

In 2009, he attacked his conviction and sentence twice. *See Twitty v. Wiley*, No. 09-cv-00906-ZLW (D. Colo. June 24, 2009); and *Twitty v. Davis*, No. 09-cv-02538-ZLW (D. Colo. Jan. 11, 2010).

In 2010, he previously attacked his conviction and sentence five times. *See Twitty v. Daniels*, No. 10-cv-000634-ZLW (D. Colo. Mar. 31, 2010), *aff'd*, No. 10-1198 (10th Cir. Jan. 12, 2011) (mandate pending); *Twitty v. Daniels*, No. 10-cv-00888-ZLW (D. Colo. Apr. 27, 2010); *Twitty v. Davis*, No. 10-cv-01356-ZLW (D. Colo. June 22, 2010); *Twitty v. Davis*, No. 10-cv-01676-ZLW (D. Colo. Aug. 23, 2010), *aff'd*, No. 10-1409 (10th Cir. Jan. 12, 2011) (mandate pending); and *Twitty v. Davis*, No. 10-cv-02309-ZLW (D. Colo. Oct. 27, 2010), *appeal filed*, No. 10-1525 (10th Cir. Nov. 22, 2010). In the instant action, Mr. Twitty once again attacks his conviction and sentence.

Mr. Twitty has been told repeatedly that the purposes of an application for a writ

of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. "A petition under § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." ***Bradshaw v. Story***, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." ***Id.*** (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson***, 347 F.2d at 366.

Courts have found the remedy provided in § 2255 to be inadequate or ineffective only in extremely limited circumstances. ***See, e.g., Spaulding v. Taylor***, 336 F.2d 192, 193 (10th Cir. 1964) (§ 2255 remedy is ineffective when the sentencing court is abolished); ***Stirone v. Markley***, 345 F.2d 473, 475 (7th Cir. 1965) (suggesting that § 2255 remedy might be ineffective when the sentencing court refuses to consider the § 2255 petition altogether or when the court inordinately delays consideration of the petition) (dictum); ***Cohen v. United States***, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (noting that § 2255 remedy is ineffective when petitioner is sentenced by three courts,

none of which could grant complete relief) (dictum).

The fact that Mr. Twitty previously was denied relief in the sentencing court pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. See *Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Twitty may be barred from filing a second or successive § 2255 motion also does not mean that the remedy available pursuant to § 2255 is inadequate or ineffective. See *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Mr. Twitty has failed to show cause as directed and, therefore, the application will be denied because he has an adequate and effective remedy pursuant to § 2255 in the Northern District of Georgia.

In addition, Mr. Twitty has failed to show cause why his filings should not be restricted. The United States Court of Appeals for the Tenth Circuit (Tenth Circuit) noted in No. 09-1107, Mr. Twitty's appeal from this Court's dismissal in No. 08-cv-02823-ZLW, that, although he has "three strikes" under the Prisoner Litigation Reform Act, § 1915(g), the three-strike restriction does not apply to § 2241 applications. See *Jennings v. Natrona County Det. Ctr. Med. Fac.*, 175 F.3d 775, 780-81 (10th Cir. 1999). However, the Tenth Circuit cautioned Mr. Twitty in No. 09-1107 to refrain from further filings pursuant to § 2241 which attempt to challenge this same conviction and sentence. The Tenth Circuit also pointed out that a court has the authority to limit Mr. Twitty's access to the court when his filings are only a repeat of pleadings previously filed. See *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989) (per curiam). On January 12, 2011, in No. 10-1198, Mr. Twitty's appeal from this Court's dismissal in No. 10-cv-00634-ZLW, the Tenth Circuit limited Mr. Twitty's access to the court by imposing

restrictions on his future filings. Specifically, the Tenth Circuit enjoined Mr. Twitty from proceeding as a petitioner in an original proceeding or as an appellant in the Tenth Circuit unless he is represented by a licensed attorney admitted to practice in the Tenth Circuit or unless he first obtains permission to proceed **pro se**.

In No. 10-cv-01676-ZLW, this Court joined the Tenth Circuit in warning Mr. Twitty to refrain from further § 2241 filings attacking this same conviction and sentence and in pointing out that this Court has the authority to limit Mr. Twitty's repetitive filings. **See id.** The Court's continuing efforts to explain the difference between a § 2241 action and a § 2255 action to Mr. Twitty have been to no avail. Mr. Twitty has continued to attack inappropriately his Northern District of Georgia conviction by initiating § 2241 actions in this Court that actually are § 2255 actions.

The Court will not tolerate abuse of judicial resources by litigants who repeatedly fail to comply with Court orders. The Court has the power to enjoin litigants who abuse the judicial system. **See Tripati v. Beaman**, 878 F.2d 351 (10th Cir. 1989) (per curiam).

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." **Id.** at 353 (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." **Andrews v. Heaton**, 483 F.3d 1070, 1077 (10th Cir. 2007).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is

> set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies]"). In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989). A plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Mr. Twitty's abusive litigation is not limited to habeas corpus actions. All of the twenty non-habeas actions he initiated in this Court have been dismissed.

In one action, Mr. Twitty bombarded the Court with more-often-than-not unintelligible papers suing individuals with no apparent personal participation in the asserted claims. *See Twitty v. Gonzalez*, No. 06-cv-00667-ZLW (D. Colo. June 26, 2006) (dismissed for failure to comply with Rule 8 of the Federal Rules of Civil

Procedure and for failure to show cause as directed why the amended complaint should not be dismissed for failure to exhaust).

In ten actions, he was denied leave to proceed pursuant to the "three strikes" provision in § 1915(g). *See Twitty v. Wiley*, No. 06-cv-02325-ZLW (D. Colo. Jan. 5, 2007) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice for failure to cure and to show cause); *Twitty v. United States*, No. 06-cv-02421-ZLW (D. Colo. Jan. 25, 2007) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice for failure to cure and to show cause); *Twitty v. Gonzalez*, No. 07-cv-00996-ZLW (D. Colo. July 10, 2007) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice for failure to show cause), *appeal dismissed for failure to prosecute*, No. 07-1348 (10th Cir. Nov. 14, 2007); *Twitty v. Weinshienk*, No. 07-cv-01495-ZLW (D. Colo. Aug. 30, 2007) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice for failure to cure and to show cause); *Twitty v. Wiley*, No. 07-cv-02694-ZLW (D. Colo. Feb. 8, 2008) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice for failure to cure, show cause, and prosecute); *Twitty v. U.S. Attorney Gen. - Acting*, No. 08-cv-00549-ZLW (D. Colo. May 28, 2008) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice); *Twitty v. Wiley*, No. 08-cv-02251-ZLW (D. Colo. Dec. 15, 2008) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice), *appeal dismissed for failure to pay appellate filing fees*, No. 09-1009 (10th Cir. Feb. 27, 2009); *Twitty v. Wiley*, No. 08-cv-02470-ZLW (D. Colo. Dec. 30, 2008) (denied leave to proceed

pursuant to § 1915(g) and the action dismissed without prejudice); *Twitty v. Weinshienk*, No. 09-cv-00350-WYD (D. Colo. Apr. 16, 2009) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice), *appeal dismissed for failure to prosecute*, No. 09-1226 (10th Cir. June 25, 2009); and *Twitty v. Eid*, No. 09-cv-01411-ZLW (D. Colo. July 31, 2009) (denied leave to proceed pursuant to § 1915(g) and the action dismissed without prejudice).

In nine actions, he failed to comply with Court orders to cure defects in his filings. *See Twitty v. U.S.*, No. 07-cv-01633-ZLW (D. Colo. Sept. 12, 2007) (dismissed without prejudice for failure to cure and prosecute); *Twitty v. Gonzales*, No. 07-cv-02695-ZLW (D. Colo. Feb. 8, 2008) (dismissed without prejudice for failure to cure and prosecute); *Twitty v. Acting U.S. Atty Gen.*, No. 07-cv-02696-ZLW (D. Colo. Feb. 8, 2008) (dismissed without prejudice for failure to cure and prosecute); *Twitty v. Mukasey*, No. 08-cv-00548-BNB (D. Colo. May 1, 2008) (dismissed without prejudice for failure to cure); *Twitty v. Wiley*, No. 08-cv-00688-ZLW (D. Colo. May 28, 2008) (dismissed without prejudice for failure to cure); *Twitty v. Mukasey*, No. 08-cv-02333-ZLW (D. Colo. Dec. 9, 2008) (dismissed without prejudice for failure to cure); *Twitty v. Eid*, No. 09-cv-00484-ZLW (D. Colo. Apr. 17, 2009) (dismissed for failure to cure and prosecute); *Twitty v. Eid*, No. 09-cv-02250-ZLW (D. Colo. Dec. 10, 2009) (dismissed for failure to cure and prosecute); and *Twitty v. Eid*, No. 10-cv-00849-ZLW (D. Colo. June 2, 2010) (dismissed for failure to cure and prosecute).

Therefore, on January 13, 2011, in an effort to provide Mr. Twitty with an opportunity to oppose the imposition of filing restrictions, Magistrate Judge Boland

10

ordered him to show cause within thirty days, whether or not he cured the designated deficiency, why filing restrictions should not be imposed against him for his repetitive and abusive filings. As previously noted, Mr. Twitty failed to show cause as directed.

The Court finds that Mr. Twitty's abusive history of filing actions demonstrates that imposition of filing restrictions is appropriate. The Court will prohibit him from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Mr. Twitty will be directed to take the following steps:

1. File with the clerk of this Court a motion requesting leave to file a *pro se* action.

2. Include in the motion requesting leave to file a *pro se* action the following information:

    A. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

    B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues previously have been raised.

3. Submit the proposed new pleading to be filed in the *pro se* action.

The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the clerk of the Court, who shall forward them to the

judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1C. for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed because Applicant, Andre J. Twitty, has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia. It is

FURTHER ORDERED that Mr. Twitty is prohibited from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains the Court's permission to proceed *pro se*. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __3rd__ day of _____February_____, 2011.

BY THE COURT:

                                       s/Lewis T. Babcock
                                       LEWIS T. BABCOCK
                                       Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02923-BNB

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 3, 2011.

                                 GREGORY C. LANGHAM, CLERK

                                 By: _____
                                          Deputy Clerk